<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EX-BOYFRIEND, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN EXHIBIT A,<br><br>      Defendants. | No. 24cv11247 (EP) (JSA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

On December 18, 2024, Plaintiff filed a Complaint against a bevy of Defendants, identified by their Amazon.com brand names, alleging violations of the Copyright Act of 1976, 17 U.S.C. § 501. D.E. 1 ("Complaint" or "Compl."). Plaintiff is an LLC that sells products, including clothing, with proprietary designs. *Id.* ¶ 5. The Complaint was accompanied by an *ex parte* Motion for a Temporary Restraining Order ("TRO"), D.E. 3 ("TRO Motion"), and an *ex parte* Motion for Alternative Service. D.E. 2 ("Service Motion"). The Court has reviewed the Motions and decides them without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons explained below, the Court will **DENY** the Service Motion. The Court will also **DENY** the TRO Motion and construe it as alternatively seeking a preliminary injunction under Federal Rule of Civil Procedure 65(a), which will not be decided now and will be addressed only on notice to the Defendants.

I.      ANALYSIS

Federal Rule of Civil Procedure 65(b)(1) "limits the Court's ability to issue a TRO to instances when (i) the 'specific facts in an affidavit or a verified complaint clearly show that

immediate and irreparable injury, loss, or damage will result to the' party seeking the TRO *and* (ii) the party seeking the TRO 'certifies in writing any efforts made to give notice and the reasons why it should not be required.'" *Kenny v. Toms River Twp. Bd. of Adjustment*, No. 18-11461, 2018 WL 4442231, at *1 (D.N.J. Sept. 17, 2018) (quoting Fed. R. Civ. P. 65(b)(1)) (emphasis added).

Here, Plaintiff repeatedly stresses Defendants' anonymity. *See, e.g.*, Compl. ¶ 2; Service Motion at 5; TRO Motion at 5. However, Plaintiff provides no documentation *certifying* any efforts to give notice to Defendants or why notice should not be required. Therefore, the Court will **DENY** Plaintiff's request for a TRO. The Court will construe Plaintiff's Motion as, alternatively, seeking a preliminary injunction under Federal Rule of Civil Procedure 65(a) and will address this request "only on notice" to the Defendants. Fed. R. Civ. P. 65(a)(1).

Furthermore, as Plaintiff has provided no certification attesting to efforts to effectuate service by traditional means, the Court will **DENY** the Service Motion as premature. *See United States v. Linares*, No. 16-4463, 2016 WL 7014192, at *2 (E.D. Pa. Nov. 30, 2016) ("Generally, a plaintiff must make multiple attempts to serve a defendant in order to demonstrate that alternative service is necessary."). Plaintiff shall provide the Court with certification of such efforts within 30 days of this Order and may re-file a Motion for Alternative Service at such time.

## II.     CONCLUSION AND ORDER

For the reasons above, it is

**ORDERED** that the Motion for Alternative Service, D.E. 2, is **DENIED** *without prejudice*; and it is further

**ORDERED** that Plaintiff shall provide a certification attesting to efforts to serve Defendants pursuant to Fed. R. Civ. P. 5 within **30 days** of this Order; and it is further

2

**ORDERED** that Plaintiff has leave to re-file its Motion for Alternative Service after certifying such efforts; and it is further

**ORDERED** that Plaintiff's application for a TRO is **DENIED**; and it is finally

**ORDERED** that Plaintiff's Motion for a TRO, D.E. 3, will be construed as a motion for preliminary injunction pursuant to Fed. R. Civ. P. 65(a), which will be addressed only on notice to the Defendants.

Dated: December 19, 2024

_____
Evelyn Padin, U.S.D.J.

3